# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD STARBIRD, et al., )<br> )<br>        Plaintiffs, )<br> )<br>  v. )<br> )<br>MERCY HEALTH PLANS, INC. and )<br>MERCY HEALTH PLANS OF MISSOURI, )<br>INC., )<br> )<br>        Defendant. ) | No. 4:07-CV-1050 CAS |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for preliminary injunction. Defendants have filed an opposition to the motion, and plaintiffs have replied. For the following reasons, the Court will deny the motion.

## **I.**    **Background**

Plaintiffs bring this action against defendants Mercy Health Plans, Inc. and Mercy Health Plans of Missouri, Inc. alleging these entities violated plaintiffs' rights and denied them and others similarly situated significant benefits under their health plans. Specifically, plaintiffs claim defendants have routinely imposed co-payments for covered services that (i) exceed fifty percent of the total cost of providing any single service to its enrollees, and (ii) in the aggregate exceed twenty percent of the total cost of providing all basic health services. Illustrative of plaintiffs' allegations are the co-payments charged to Donald Starbird for chiropractic services. Under the terms of his health plan, Mr. Starbird was required to make a $40 co-payment for chiropractic care. The charge for a single session with his chiropractor was only $34.74. Plaintiffs claim Mr. Starbird's co-payment for this

service should not have exceeded $17.37 (i.e., fifty percent of $34.74), however, Mr. Starbird's chiropractor charged him the full $34.74 as his co-payment.

Plaintiffs' motion seeks preliminary injunctive relief on behalf of all members of the putative class "[t]o enjoin Mercy from imposing on Plaintiffs and all other enrollees in a Mercy Health Plan co-payment charges that exceed fifty percent (50%) of the total cost of providing any single service," to follow 20 C.S.R. 400-7.100, to comply with the terms of its own plans, and from issuing remittance advice summaries and explanation of benefits that do not show the co-payment amount actually paid by plaintiffs and all other enrollees in a Mercy Health Plan. (Pl. Mot. at 1).

## II.    Discussion

To determine whether a preliminary injunction should issue, the Court must consider (1) the threat of irreparable harm; (2) the state of balance between this harm and the injury that granting an injunction will inflict on other parties to the litigation; (3) the probability of success on the merits; and (4) the public interest. See Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). In applying the Dataphase factors, no single factor is determinative, although the failure to demonstrate the threat of irreparable harm is, by itself, a sufficient ground upon which to deny a motion for preliminary injunction. See Adam-Mellang v. Apartment Search, Inc., 96 F.3d 297, 299 (8th Cir. 1996); see also Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989) (citing Dataphase, 640 F.2d at 114 n.9); Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987). The threshold inquiry is whether movant establishes it will suffer irreparable harm in the course of litigation that is not rectifiable by a final judgment. If this factor is not established, then the request for preliminary injunction may be denied and consideration of the other factors is not required. See Gelco Corp., 811 F.2d at 418.

2

At the outset, the Court notes that this case was originally filed in state court in February 2007. In April 2007, the state court dismissed the case finding that Mr. Starbird had failed to exhaust his administrative remedies under the plan before filing his lawsuit as required under ERISA. After pursuing administrative appeals with defendants, plaintiffs filed the present class action lawsuit on May 31, 2007. Not until September 11, 2007— more than six months after this case was originally filed in state court and nearly three and a half months after it was filed here—did plaintiffs file their motion for preliminary injunction. This chronology alone seems to belie plaintiffs' assertion that they will suffer irreparable harm during the course of litigation if the Court does not grant a preliminary injunction.[1]

Plaintiffs do not argue they will suffer irreparable harm because they lack an adequate remedy at law. Rather, they argue they will suffer irreparable harm because defendants have recently begun issuing "false and misleading" explanation of benefits, and "it may become impossible to untangle the documentation that shows the true charges for chiropractic services and other covered services and to determine the amount of the co-payment actually collected in excess of 50% of the amount of covered services." (Pl. Mem. at 11). Plaintiffs state an injunction is necessary or the Court will not be able to determine the proper reimbursement to plaintiffs and the class. Id. In their reply brief, plaintiffs state that defendants are "exacerbating the problem by creating documents that obscure these violations, and will make it impossible to ever untangle the amount of excessive co-payments that have been imposed on enrollees and must be reimbursed." (Pl. Reply at 5).

---

[1]The Court also notes that plaintiffs agreed to allow defendants additional time to respond to the motion for preliminary injunction and themselves sought additional time to file their reply brief. See Docs. 26 and 31.

Although the Court appreciates the gravity of plaintiffs' concerns, it cannot give credence to their predictions. Plaintiffs are very cognizant of the amount of co-payments being imposed upon them, and the Court has no doubt that plaintiffs themselves will be able to untangle the amount of damages to which they are entitled if the Court enters judgment in their favor. In fact, plaintiffs have already determined the exact amount they were overcharged for Mr. Starbird's visit to his chiropractor on July 19, 2007, despite the allegedly inaccurate Remittance Advice Summaries. (Pl. Reply at 3). The damages are easily calculated in this case by calculating the difference between the amounts actually imposed and the amount (if less) authorized by the Plan and the regulation. The Court finds that any harm caused to plaintiffs is easily calculated and adequately compensated by an award of damages.

This case is notable because plaintiffs seek to represent a class of all persons for whom defendants have allegedly imposed excessive co-payments. To the extent plaintiffs seek a preliminary injunction on behalf of a class, the motion is premature. No class has been certified, and plaintiffs' motion for class certification is not due until January 31, 2008. Moreover, the Court cannot find that the uncertified class will suffer irreparable harm in the absence of an injunction. Similar to plaintiffs' damages, any damages suffered by the class are purely financial and easily calculated.

**III.    Conclusion**

The Court finds that plaintiffs have not established the irreparable harm necessary for issuance of a preliminary injunction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Preliminary Injunction is **DENIED**.

[Doc. 20]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of November, 2007.