UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD STARBIRD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:07-CV-1050 CAS |
| v. ) | |
| ) | |
| MERCY HEALTH PLANS, INC. and ) | |
| MERCY HEALTH PLANS OF MISSOURI, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss plaintiffs' second amended class action complaint for lack of subject matter jurisdiction and failure to exhaust administrative remedies. Plaintiffs oppose the motion. For the following reasons, the Court will grant the motion in part and deny the motion in part.

**I.     Background**

Plaintiffs bring this class action against defendants Mercy Health Plans, Inc. and Mercy Health Plans of Missouri, Inc. alleging these entities violated plaintiffs' rights and denied them and others similarly situated significant benefits under their health plans. Specifically, plaintiffs claim defendants have routinely imposed co-payments for covered services that (i) exceed fifty percent of the total cost of providing any single service to their enrollees, and (ii) in the aggregate exceed twenty percent of the total cost of providing all basic health services. Illustrative of plaintiffs' allegations are the co-payments charged to Donald Starbird for chiropractic services. Under the terms of his health plan, Mr. Starbird was required to make a $40 co-payment for chiropractic care. The charge for a single

session with his chiropractor was only $34.74. Plaintiffs claim Mr. Starbird's co-payment for this service should not have exceeded $17.37 (i.e., fifty percent of $34.74), however, Mr. Starbird's chiropractor charged him the full $34.74 as his co-payment.

Defendants argue the case should be dismissed because the Court lacks subject matter jurisdiction. In support of this argument, defendants state the complaint fails to allege facts showing that each individual plaintiff is a participant or beneficiary of an employee welfare benefit plan covered under ERISA. Additionally, defendants state plaintiffs have failed to sufficiently plead facts establishing their injury in fact, and therefore plaintiffs do not have standing to maintain this action. Finally, defendants argue that even if plaintiffs established subject matter jurisdiction, the complaint should be dismissed because they did not exhaust their administrative remedies before filing this lawsuit.

## II.   Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." Twombly, 127 S. Ct. at 1964-65 & n.3; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to

plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 1969 (quoted case omitted). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 1964-65; Fed. R. Civ. P. 8(a)(2).

**III.     Discussion**

    **A.     Plaintiffs' Allegations Regarding ERISA**

Defendants argue the Court lacks subject matter jurisdiction over plaintiffs' second amended class action complaint ("the complaint") because plaintiffs have not alleged sufficient facts to establish they are participants or beneficiaries of an employee welfare plan covered under the Employee Retirement Income Security Act ("ERISA"). The complaint alleges different facts as to each plaintiff's plan, stating as follows:

*Plaintiff Alice Starbird*

> Through her employer, Emerson White Rodgers, [Alice Starbird] is a participant in Mercy's Plan for purposes of ERISA, and a member of Mercy as that term is used in the Evidence of Coverage Agreement, pursuant to which Defendants provide coverage of health care services and administers the payment of covered benefits.
> . . .
> Defendants offer to employers, including Ms. Starbird's employer, . . . who wish to sponsor for their employees HMO health care services benefit plans that include coverage for preventative primary, specialty and hospital care through group enrollment agreements.

Compl. at ¶¶ 5, 14.

*Plaintiff Donald Starbird*

> Through coverage available to his wife through her employer, [Donald Starbird] is a beneficiary of a Mercy Plan for purposes of ERISA, and a member of Mercy as that term is used in the Evidence of Coverage Agreement, pursuant to which Defendants provide coverage of health care services and administers the payment of covered benefits.
>
> . . .
>
> Defendants offer to employers, including Ms. Starbird's employer, . . . who wish to sponsor for their employees HMO health care services benefit plans that include coverage for preventative primary, specialty and hospital care through group enrollment agreements.

Compl. at ¶¶ 6, 14.

### *Plaintiff Aubrey Nolan*

> [Aubrey Nolan] is a beneficiary of a Mercy Health Maintenance Organization pursuant to which Mercy provides coverage of health care services and administers the payment of covered benefits.
>
> . . .
>
> Defendants offer to employers, including . . . Mr. Nolan's employer, who wish to sponsor for their employees HMO health care services benefit plans that include coverage for preventative primary, specialty and hospital care through group enrollment agreements.

Compl. at ¶¶ 7, 14.

### *Plaintiff Leslie Davis*

> [Leslie Davis] is a beneficiary of a Mercy Health Maintenance Organization pursuant to which Mercy provides coverage of health care services and administers the payment of covered benefits.
>
> . . .
>
> Defendants provide HMO insurance coverage for Mr. Davis.

Compl. at ¶¶ 8, 14

### *Plaintiff Judith DeYoung*

> [Judith DeYoung] is a beneficiary of a Mercy Health Maintenance Organization pursuant to which Mercy provides coverage of health care services and administers the payment of covered benefits.
>
> . . .

> Defendants offer to employers, including . . . Ms. DeYoung's employer, who wish to sponsor for their employees HMO health care services benefit plans that include coverage for preventative primary, specialty and hospital care through group enrollment agreements.

Compl. at ¶¶ 9, 14.

Plaintiffs base this Court's subject matter jurisdiction on ERISA, 29 U.S.C. § 1001 et seq., which applies to "employee welfare benefit plan[s]" and "welfare plan[s]" that are "established or maintained by an employer or by an employee organization." 29 U.S.C. § 1002(1); see also 29 U.S.C. § 1003. Section 1003(b) contains exceptions to ERISA coverage for certain employee benefit plans, e.g., governmental and church plans, and thus not all plans established or maintained by employers are subject to ERISA. To bring a civil action under ERISA, a plaintiff must have statutory standing. See Hastings v. Wilson, 516 F.3d 1055, 1060 (8th Cir. 2008).

The Court finds that plaintiffs have alleged facts showing that Mr. and Mrs. Starbird are participants or beneficiaries of an employee welfare benefit plan covered under ERISA. See Compl. at ¶¶ 5-6. Except for the allegations pertaining to the Starbird plaintiffs, however, the complaint does not specifically allege plaintiffs' HMO health insurance coverage with Mercy is established or maintained by an employer and subject to ERISA. Because this argument is likely one of semantics, rather than substance, the Court will grant plaintiffs leave to amend the complaint to plead sufficient facts showing their HMO health insurance coverage with Mercy is subject to ERISA.

### B. Davis, Nolan, and DeYoung's Standing as Plaintiffs

Assuming plaintiffs can plead sufficient facts to establish statutory standing, i.e., their HMO plans are governed by ERISA, the Court must consider whether plaintiffs have constitutional standing to bring their claims. Because "federal courts . . . have only the power that is authorized by Article

III of the Constitution and the statutes enacted by Congress pursuant thereto," a plaintiff must possess both constitutional and statutory standing in order for the Court to have jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Under the familiar test from Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), a "plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. (citations omitted). Defendants argue plaintiffs' complaint must be dismissed because they have failed to plead sufficient facts establishing that they suffered an injury in fact and, consequently, plaintiffs do not have constitutional standing to maintain this action.

At the outset, the Court notes that its analysis of plaintiffs' complaint is hampered by plaintiffs' attempt to state causes of action under the enforcement provisions of both 29 U.S.C. § 1132(a)(3) and 29 U.S.C.§ 1132(a)(1)(B).[1] See Compl. at ¶ 3. Under ERISA, determining whether plaintiffs have alleged the requisite injury in fact depends upon the civil enforcement provision of §1132 under which plaintiffs intend to bring their claims.

29 U.S.C. § 1132(a)(1)(B) and (a)(3) provide as follows:

>    (a) **Persons empowered to bring a civil action**. A civil action may be brought –
>        (1) by a participant or beneficiary –
>        . . .

---

[1] Several courts, including the Eighth Circuit, have held that an ERISA plaintiff with an adequate remedy under § 1132(a)(1)(B) cannot alternatively plead and proceed under § 1132(a)(3). See Antolik v. Saks, Inc., 463 F.3d 796, 803 (8th Cir. 2006) ("[W]here a plaintiff is proved adequate relief by the right to bring a claim for benefits under . . . § 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B).") (citing Varity Corp. v. Howe, 516 U.S. 489, 514 (1996)); see also Katz v. Comprehensive Plan of Group Ins., 197 F.3d 1084, 1088-89 (11th Cir. 1999).

> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> . . .
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;

29 U.S.C. § 1132(a)(1)(B) and (a)(3).

In Count III, it appears plaintiffs seek relief for alleged breaches of fiduciary duties pursuant to § 1132(a)(3). Courts have recognized that under § 1132(a)(3), a plan participant or beneficiary may have Article III standing to obtain injunctive relief related to ERISA's disclosure and fiduciary duty requirements without a showing of individual harm. See Central States Se. & Sw. Areas Health & Welfare Funds v. Merck-Medco Managed Care, LLC, 433 F.3d 181, 199-200 (2d Cir. 2005); Horvath v. Keystone Health Plan East, Inc., 333 F.3d 450, 456 (3d Cir. 2003); Banyai v. Mazur, 2007 WL 959066, *4-5 (S.D.N.Y. Mar. 29, 2007); cf. Harley v. Minnesota Mining and Mfg. Co., 284 F.3d 901, 905-06 (8th Cir. 2002) (finding under separate provision, § 1132(a)(2), no constitutional standing where the "loss did not cause actual injury to plaintiff's interests in the plan" and determining that the "limits on judicial power imposed by Article III counsel against permitting participants or beneficiaries who have suffered no injury in fact from suing to enforce ERISA fiduciary duties on behalf of the Plan"). The Horvath court explained that because the disclosure requirements and fiduciary duties contained in ERISA create certain rights, including the right to receive information and have defendant act as a fiduciary, plaintiffs need not demonstrate actual harm in order to have standing to seek injunctive relief. Horvath, 333 F.3d at 456 (citing Gillis v. Hoechst Celanese Corp., 4 F.3d 1137, 1148 (3d Cir. 1993) (finding "ERISA does not require that harm be

7

shown before a plan participant is entitled to an injunction ordering the plan administrator to comply with ERISA's reporting and disclosure requirements")).

Defendants argue that plaintiffs' claims must be dismissed because plaintiffs Davis, Nolan, and DeYoung have not alleged which services were provided for which they seek reimbursement, when such services were sought, and what co-payments they were charged or paid. Plaintiffs do not need to plead they were individually injured (e.g., charged excess co-payments) to proceed with their claims for injunctive relief under § 1132(a)(3), they need only allege violations of the fiduciary duty owed to them as participants or beneficiaries of ERISA plans. Such allegations are contained in paragraphs 52 through 57 and paragraphs 67 through 71 of the complaint, and the Court finds these allegations are sufficient to state a claim for injunctive relief under § 1132(a)(3).

In Count II, however, plaintiffs appear to seek relief pursuant to § 1132(a)(1)(B). Section 1132(a)(1)(B) provides ERISA participants with a civil cause of action to recover benefits, enforce rights to benefits, or clarify rights to future benefits under ERISA plans. As to plaintiffs Davis, Nolan, and DeYoung, the complaint contains no allegations regarding any denial of benefits, i.e., specific services for which these plaintiffs were charged excessive co-payments, but rather contains only allegations conclusory in nature. For example, plaintiffs state they "are routinely denied benefits through the imposition of co-payments that exceed the maximum limits set forth in defendants agreements and Missouri Code of State Regulation." Reviewing the complaint under the standard articulated in Twombly, the complaint fails to set forth sufficient factual information to show the non-Starbird plaintiffs suffered any denial of benefits or injury in fact, and therefore these plaintiffs lack standing to pursue claims under § 1132(a)(1)(B).

Because the Court will grant plaintiffs leave to amend their pleading to allege the requisite statutory standing, see Part III.A, supra, plaintiffs will also be granted leave to amend their complaint to allege the requisite injury in fact. If the non-Starbird plaintiffs have suffered no injury in fact in the form of a denial of benefits, the Court will dismiss their claims against defendants brought pursuant to ERISA § 1132(a)(1)(B).

### C. Plaintiffs' Failure to Exhaust Administrative Remedies

Defendants argue that even if plaintiffs could establish subject matter jurisdiction, their claims are still subject to dismissal under Rule 12(b)(6) because they did not exhaust their administrative remedies before filing suit. Plaintiffs respond that the exhaustion requirement does not apply to their claims alleged in Count I for declaratory relief and Count III for breach of fiduciary duty. As to Count II for wrongful denial of benefits, plaintiffs state that they are not required to exhaust administrative remedies if these efforts would be futile.

Defendants cite two Eighth Circuit cases for the proposition that plaintiffs must exhaust their administrative remedies before filing suit in federal court, Galman v. Prudential Ins. Co. of Am., 254 F.3d 768, 770 (8th Cir. 2001) and Back v. Danka Corp., 335 F.3d 790, 792 (8th Cir. 2003). Both cases involve the wrongful denial of benefits by individual plan participants. In such cases, exhaustion serves many important purposes, including giving claims administrators the opportunity to correct errors, promoting consistent treatment of claims, and minimizing frivolous lawsuits. See Galman, 254 F.3d at 770. Although it appears well-settled in the Eighth Circuit that ERISA plan beneficiaries must exhaust administrative remedies prior to bringing a suit for recovery on an individual claim, it does not appear that the appellate court has decided whether a beneficiary must exhaust administrative remedies prior to bringing claims for declaratory relief or breach of fiduciary duty, particularly in

9

cases in which the asserted claims arise out of alleged systemic defects in defendants' claims handling procedures. See, e.g., Hill v. Blue Cross & Blue Shield, 409 F.3d 710, 717-18 (6th Cir. 2005) (noting difference between correcting denial of individual claims on a beneficiary-by-beneficiary basis and altering, on a plan-wide basis, the methodology used to process claims for all beneficiaries).

Even if exhaustion of administrative remedies were required for these claims, however, ERISA plan beneficiaries are not required to exhaust their claims if they can demonstrate that exhaustion 'would be wholly futile.'" Bridgeman v. Group Health Plan, Inc., 2007 WL 1527545, *4-5 (E.D. Mo. May 23, 2007) (quoting Burds v. Union Pacific Corp., 223 F.3d 814, 817 n.4 (8th Cir. 2000)). "This futility exception is particularly appropriate where the past pattern of a plan administrator, as well as its position on the merits of a current matter in litigation, reveal that any further administrative review would provide no relief." Id.

In two recent cases involving similar allegations of defendants imposing excessive co-payments in violation of ERISA, courts denied defendants' motions to dismiss for failure to exhaust administrative remedies. See Bridgeman, 2007 WL 1527545, *4-5; Holling-Fry v. Coventry Health Care, 2007 WL 2908753, *2-3 (W.D. Mo. Oct. 4, 2007). In both cases, the courts held that such exhaustion was not necessary because "[t]he resolution of the question whether [defendant] is violating a Missouri regulation by charging too high a co-payment does not depend on the plan administrator's discretion." Bridgeman, 2007 WL 1527545 at *5. Thus, any factual record before the administrator would not aid the court in judicial review. Id. Here too, the resolution of whether defendants are violating Missouri regulations and ERISA does not depend on the plan administrator's discretion.

Additionally, pursuant to § 1132(a)(1)(B) and (a)(3), plaintiffs have brought this action, in part, to enforce ERISA's fiduciary provisions and to obtain "other appropriate equitable relief." (Compl. at ¶ 3). Plaintiffs seek a declaration of their rights under the terms of the plan documents. Plaintiffs are not merely seeking a return of wrongfully denied benefits. Plaintiffs allege defendants are employing a defective claims processing system that routinely imposes excessive co-payments. If administrative remedies resulted in an award to the individual plaintiffs of wrongfully denied benefits, this relief would not remedy defendants' allegedly defective claims processing system. Merely eliminating the individual plaintiffs' claims for wrongful denial of benefits (by paying these benefits) does not grant plaintiffs the relief to which they allegedly are entitled under ERISA, and therefore exhaustion is futile.

## IV.   Conclusion

The Court finds that the non-Starbird plaintiffs have not alleged sufficient facts establishing the Court's subject matter jurisdiction. These plaintiffs have failed to allege facts establishing their HMO health insurance coverage is subject to ERISA. Additionally, these plaintiffs have not alleged an injury in fact, and, consequently do not have standing to maintain an action under 29 U.S.C. § 1132(a)(1)(B).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part. [Doc. 54]

**IT IS FURTHER ORDERED** that plaintiffs Leslie Davis, Aubrey Nolan, and Judith DeYoung may, within twenty (20) days from the date of this Memorandum and Order, file a Third Amended Class Action Complaint. Failure to timely comply with this order will result in the dismissal of plaintiffs Leslie Davis, Aubrey Nolan, and Judith DeYoung's claims against defendants.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of May, 2008.