UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD STARBIRD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1050 CDP |
| ) | |
| MERCY HEALTH PLANS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND FINAL JUDGMENT ON CLAIMS**
**CONCERNING COPAYMENTS FOR MEDICAL SERVICES**

This matter is before the Court on the motion of Plaintiffs Donald Starbird and Alice Starbird, individually and on behalf of all Settlement Class members who have not excluded themselves, as joined in by Defendants Mercy Health Plans of Missouri, Inc. ("MHP-MO"), and Mercy Health Plans, Inc. ("MHP"), for final approval of the proposed settlement set forth in the Global Class Action Settlement Agreement (the "Settlement Agreement") entered into as of December 5, 2008 and filed with the Court. Pursuant to this Court's January 29, 2009 Order Granting Preliminary Approval of Settlement (Doc. No. 127), as amended by this Court's April 13, 2009 Order (Doc. No. 135) (collectively, the "Preliminary Approval Orders"), the Court held a hearing on June 26, 2009 on whether to finally approve the proposed settlement.

Having considered the entire record of these proceedings, the oral presentation of counsel, the evidence presented, and for the reasons stated by me on the record during today's hearing,

**IT IS HEREBY ORDERED** that:

1. The Court, for purposes of this Order, adopts and incorporates herein by reference all defined terms set forth in the Settlement Agreement.

2. In accordance with the Preliminary Approval Orders, copies of the Notice of Pendency of Class Action, Proposed Settlement, and Hearing (the "Notice") were sent on February 27, 2009 to each Settlement Class member by mailing the Notice to the last known address, according to MHP-MO's records, of the Subscriber through whom the Settlement Class member had coverage with MHP-MO. When MHP-MO received a forwarding address from the United States Postal Service for a Subscriber whose Notice was returned as undeliverable, the Notice was re-mailed to the Subscriber at this forwarding address. As for each Notice that was returned as undeliverable and for which MHP-MO did not receive a forwarding address from the United States Postal Service, MHP-MO attempted to contact the Subscriber's last-known employer, according to MHP-MO's records, and requested that the employer provide MHP-MO with the Subscriber's last known address. If, by May 1, 2009, a Subscriber's employer provided MHP-

MO with an address for the Subscriber that was different than the Subscriber's last known address according to MHP-MO's records, then an Amended Notice of Pendency of Class Action, Proposed Settlement, and Hearing (the "Amended Notice") was mailed to the Subscriber at the address provided by the employer.

3. The Court notes that no objections to the proposed settlement were filed.

4. The hearing on the final approval of the proposed settlement proceeded on June 26, 2009. The parties appeared by their respective attorneys of record. The Court heard the oral presentations of counsel and considered the evidence presented with the motion. An opportunity to be heard was given, but no other persons requested to be heard.

5. The Court has determined that the notice given to Settlement Class members fully, accurately, and adequately informed Settlement Class members of all material elements of the proposed settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to Settlement Class members; and complied fully with Federal Rule of Civil Procedure 23, the United States Constitution, the due process rights of Settlement Class members, and any other applicable law.

6. This Court has jurisdiction over all claims of Settlement Class

members as asserted in Plaintiffs' Second Amended Complaint and the Settlement Agreement.  Likewise, the Court has jurisdiction over: (a) all Settlement Class members who did not properly and timely exclude themselves as provided for in the Notice and Amended Notice; and (b) over MHP and MHP-MO, which submitted themselves to the jurisdiction of the Court.

7. The Settlement Class is defined as follows:

All persons who:

(a) have had coverage at any time since May 31, 1997 under any fully-insured HMO health plan issued by MHP-MO, other than a Medicare Part C Plan; and

(b) upon whom MHP-MO imposed:

(1) a copayment for any single Medical Service received on or after May 31, 1997 that exceeded fifty percent of the cost of the single Medical Service; and/or

(2) total copayments for all Medical Services received during any calendar year on or after May 31, 1997 that exceeded twenty percent of the cost of all such Medical Services received during the calendar year.

8. The Court finds that certification of the Settlement Class for settlement purposes is appropriate under Rule 23(b)(3) and 23(e) because the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a) are satisfied; common issues of fact and law predominate and make

certification of the Settlement Class for settlement purposes both efficient and appropriate; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Specifically, the Court finds that the Settlement Class is so numerous that joinder of all of the members is impracticable, there are questions of law and fact common to the Settlement Class, the claims of Class Plaintiffs are typical of the claims of the Settlement Class, and Class Plaintiffs have fairly and adequately protected the Settlement Class.

9. Pursuant to Rule 23(e), the Court hereby grants final approval of the Settlement Agreement and the settlement set forth therein and finds that the Settlement Agreement is in all respects fair, reasonable, and adequate and in the best interests of the Settlement Class. In assessing the fairness and reasonableness of the Settlement Agreement, the Court considered:

(a) the fact that this case raised substantial, complex, and contested issues of law and fact, as well as (b) the present benefits offered by the Settlement Agreement as compared with the likely eventual rewards of further litigation.

This Court finds that the Settlement Agreement represents a fair compromise between the competing interests of the Settlement Class and Defendants. The Court is convinced that, on balance, this settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

Accordingly, the Court directs the settlement be consummated in accordance with the terms and conditions of the Settlement Agreement.

10. Upon this Order and Final Judgment becoming final and no longer subject to appeal, MHP-MO shall promptly fulfill its obligations under paragraph 8 of the Settlement Agreement concerning refunds of copayments for Medical Services, imposition of future copayments for Medical Services, and the provision of fee schedule information to chiropractors.

11. The Court finds that Class Counsel are entitled to a total of $452,500.00 for attorney's fees and reimbursement of costs and expenses advanced in the prosecution of this case. MHP-MO shall pay Class Counsel the sum of $452,500.00 for attorney's fees, costs, and expenses in accordance with the schedule in paragraph 13 of the Settlement Agreement. MHP-MO's remittance shall be made payable to David J. Spencer, McGonagle Spencer, P.C. Class Counsel shall be solely responsible for allocating the attorneys' fees, expenses, and costs among Class Counsel in this Civil Action.

12. Pursuant to the Settlement Agreement, the Court finds that Class Plaintiffs are entitled to additional compensation in the amount of $2,000.00 in consideration for the extra time, effort, and inconvenience incurred by Class Plaintiffs in connection with this Civil Action. MHP-MO shall pay the sum of

$2,000.00 to Class Plaintiffs in accordance with the schedule in paragraph 13 of the Settlement Agreement by forwarding a check made payable to Class Plaintiffs to David J. Spencer, McGonagle Spencer, P.C. Class Counsel shall be responsible for ensuring that this check is distributed to Class Plaintiffs.

13. The best notice practicable under the circumstances having been provided to Settlement Class members and full opportunity having been offered to Settlement Class members to participate in the hearing on the proposed settlement, it is hereby determined that all Settlement Class members (including their heirs, executors, administrators, successors, and assigns) who have not timely elected to be excluded from the Settlement Class are bound by this Order and Final Judgment.

14. A list of Settlement Class members who properly and timely excluded themselves from the Settlement Class shall be filed jointly by Plaintiffs' Counsel and Defendants' Counsel within thirty days of this Order and Final Judgment.

15. The Settlement Class members who have not properly and timely excluded themselves from the Settlement Class are deemed to have approved and consented to the release of claims set forth in paragraph 16 of the Settlement Agreement.

16. Class Plaintiffs and all Settlement Class members who did not file timely notice of exclusion, either directly, representatively, derivatively, or in any other capacity, are barred and permanently enjoined from prosecuting (in any local, state, or federal court, administrative agency, or other authority or forum in any State in the United States) against MHP and/or MHP-MO (as defined in paragraphs 1.2, 1.3, and 1.4 of the Settlement Agreement to include their predecessors and successors in interest, and any of their parents, subsidiaries, divisions, affiliates, officers, directors, employees, trustees, principals, attorneys, agents, representatives, sales associates, distributors, vendors, shareholders, partners and limited partners, as well as any person acting or purporting to act on their behalf) any and all claims, demands, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, contingent or fixed, that were or could have been asserted or sought in this Civil Action relating in any way to or arising out of: (a) the imposition of copayments for Medical Services; (b) the subject matter of the complaint filed in this Civil Action, except for the imposition of copayments for outpatient prescription drugs.

17. All claims and causes of action in this Civil Action concerning copayments for Medical Services are dismissed with prejudice.

18. Each party shall bear their own litigation expenses, subject to the terms concerning attorney's fees, costs, expenses and compensation to Class Plaintiffs set forth herein.

19. Without affecting the finality of this Order and Final Judgment, the Court shall retain continuing jurisdiction over this case and the parties, including all members of the Settlement Class, for such purposes as supervising the implementation, execution, administration, enforcement, construction, and interpretation of the Settlement Agreement.

20. In accordance with Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason for delay in entering this Order and Final Judgment as to the claims in this Civil Action concerning copayments for Medical Services.

21. Nothing in this Order and Final Judgment shall affect the pending claims in this Civil Action concerning copayments for outpatient prescription drugs.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2009.